UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **DOUGLAS BULLOCK,** | ) |
| | ) |
| Petitioner, | ) |
| | )   NO. 3:08 CV 95 JM |
| vs. | ) |
| | ) |
| **SUPERINTENDENT,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Douglas Bullock, a *pro se* prisoner, filed an amended habeas corpus petition and a supplement challenging his guilty plea and ten year sentence for dealing cocaine. Because the petition is untimely, it will be denied. Habeas corpus petitions are subject to a one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Bullock presents no claims based on a newly recognized constitutional right nor newly discovered evidence pursuant to § 2244(d)(1)(C) or (D), but he attempts to present an argument pursuant to § 2244(d)(1)(B) that he was prevented from filing his post-conviction relief petition sooner. Bullock states that he began the post-conviction relief process when he wrote to his trial attorney on July 18, 2005 in an attempt to obtain his records. He also explains how he wrote to the prosecutor and the clerk of court. In total, he has presented seven letters that he wrote from July 18, 2005 to July 20, 2006, including three to the Morgan County Superior Court.

> Although neither § 2244 nor this circuit has defined what constitutes an "impediment" for purposes of § 2244(d)(1)(B), the plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition.

*Lloyd v. Vannatta*, 296 F.3d 630, 633 (7th Cir. 2002) (emphasis in original). Furthermore, "the state's alleged refusal here to provide Mr. Lloyd with a complete transcript does not justify equitable tolling." *Id.*

Here, the attached letters demonstrate that Bullock was not prevented from writing to a state court and other offices as well. He does not assert, and there is no basis to believe, that he was unable to write to this court during that time either. As such, he was not prevented from filing either a basic post-conviction relief petition in state court along with a motion to obtain the trial court record and a motion to amend after its receipt and review. So too, he was not prevented from filing a basic federal

habeas corpus petition in this court along with a motion to stay and amend pending the exhaustion of his state court proceedings. Because the lack of a complete state court record did not prevent Bullock from filing, the start of the 1-year period of limitation was not delayed by § 2244(d)(1)(B). Rather the 1-year period of limitation began as provided for in § 2244(d)(1)(A).

Bullock states that the judgment of conviction was entered on March 17, 2005 when he plead guilty. Therefore, pursuant to § 2244(d)(1)(A), that is when the 1-year period of limitation began to run. A year later it expired on March 17, 2006. Because he did not file his post-conviction relief petition before that deadline, his post-conviction relief proceeding did not toll the 1-year period of limitation. Because the original habeas corpus petition in this case was not signed until February 20, 2008, is was nearly two years late.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4.

For the foregoing reasons, this habeas corpus petition is **DENIED** pursuant to RULE 4 because it is untimely.

**SO ORDERED.**

DATE: May 8, 2008

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT